SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682
Facsimile: (510) 893-9450

Attorneys for Plaintiff
HOLLYNN DELIL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL<br><br>    Plaintiff,<br><br>v.<br><br>VILLAGE BAKERY; PAUL W. SCHOFIELD;ITS REAL BREAD.COM INC.; ROMAN FAMILY LIVING TRUST;and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C 06 05914 SI<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§§51, 52, 52.1, 54, 54.1, 55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Hollynn Delil complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION**
**(§§19955 Et. Seq., Health & Safety Code,§51 Et. Seq., and §54.1, Et. Seq. Civil Code)**

    1.    Plaintiff is a "person with a disability" or "physically handicapped person."[1] Plaintiff requires the use of a wheelchair for locomotion and is unable to

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§51, 52, 54,

1  use portions of public facilities which are not accessible to disabled persons who
2  require the use of a wheelchair.

3  2.  **SUMMARY**: This case involves the denial of disabled accessible
4  parking, "paths of travel," entrance, counter, seating, restrooms, signage, and
5  related facilities to Plaintiff and other disabled persons at the exterior and interior
6  of the Village Bakery (the "Bakery"), 7225 Healdsburg Avenue, Sebastapol,
7  California. Plaintiff was denied equal protection of the law and was denied Civil
8  Rights under both California law and federal law. Plaintiff was denied her rights to
9  full and equal access at the Bakery because the exterior and interior were not, and
10 are not, properly accessible to disabled persons such as Plaintiff who use
11 wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make the
12 exterior and interior of the Bakery accessible to disabled persons and to ensure that
13 any disabled person who attempts to use the Bakery will be provided accessible
14 parking, "path of travel," entry, counter, seating, restrooms, signage and related
15 proper accessible facilities. Plaintiff also seeks recovery of damages for her
16 personal injuries and discriminatory experiences and seeks recovery of reasonable
17 attorneys' fees, litigation expenses and costs, according to statute.

18 3.  **JURISDICTION:** This Court has jurisdiction of this action pursuant
19 to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42
20 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes
21 of action arising from the same facts are also brought under California law,
22 including but not limited to violations of California Government Code §4450, *et.*
23 *seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California
24 Code of Regulations; and California Civil Code §§51, 52, 54, 54.1 and 55.

25 4.  **VENUE:**   Venue is proper in this court pursuant to 28 USC 1391(b)

27 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Plaintiff's causes of action arose in said intradistrict.

6. Defendants and DOES 1-5, Inclusive, are the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Bakery, property, and facilities which are the subject of this action. This Bakery, property, and facilities is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and the California Civil Code Unruh Act and Disabled Person's Act. On information and belief, this Bakery, property, and facilities have, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting them to disabled access requirements per §19959 Health & Safety Code.

7. The true names and capacities of Defendants DOES 6 through 10, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and the cause of injury and damages proximately to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-10, Inclusive, are and/or were the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Bakery, property, and facility during all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative

capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City of Sebastopol, County of Sonoma, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include Bakerys. §19955 Health & Safety Code also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of new construction and/or each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever there is such new construction or whenever each such "alteration, structural repair or addition" is carried out. On information and belief, the original construction of the building and alterations, structural repairs, or additions which additionally triggered access requirements also may have occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

11. On June 23, 2005 Plaintiff, who requires the use of a wheelchair for

1  mobility, arrived at the Bakery to confirm an order for a cake, to provide decorations
2  for the cake, to have lunch and to purchase some rye bread. Upon her arrival in her
3  wheelchair accessible van, Plaintiff discovered that the Bakery did not have a
4  disabled accessible van accessible parking space, an accessible path of travel to the
5  entrance, and accessible entrance, counter, dining area, and restroom.

6       12.    On July 3, 2005, Plaintiff wrote the Bakery owner a letter which,
7  among other things, detailed her unsatisfactory experience at the Bakery and
8  requested that the Owner respond within 30 as to when the Bakery would be made
9  accessible to persons with disabilities. A copy of Plaintiff's July 3, 2005 letter is
10 enclosed as **Exhibit 1** and incorporated by reference herein as if set forth in full.

11      13.    Because Plaintiff did not receive a response to her July 3, 2005 letter,
12 her attorney, by letter dated October 3, 2005 wrote to the owner and all other
13 owners, landlords, tenants, and operators of the Bakery and property. Among other
14 things, the October 3, 2005 letter, a copy of which is enclosed as **Exhibit 2** and
15 incorporated by reference as if set forth in full, advised that Ms. Delil's primary
16 objective was to obtain access and that she would not file a lawsuit or make a claim
17 for damages and attorney's fees and costs if, and only if, timely and full access for
18 disabled persons in wheelchairs is provided.

19      14.    By letter dated October 11, 2005, the Bakery owner, among other
20 things, took the position that the Bakery was in compliance with both California
21 State law and Federal regulations. By letter dated November 2, 2005, Plaintiff's
22 attorney, among other things, again advised of specific violations of federal and
23 state disabled access laws and regulations and reiterated that the only resolution to
24 the matter which would avoid a lawsuit seeking injunctive relief, damages, and
25 attorney's fees and costs is a commitment and subsequent action to timely remove
26 the identified barriers to access. A copy of the October 11, 2005 and November 2,
27 2005 letters are enclosed as **Exhibits 3 and 4**, respectively, and incorporated by
28

Complaint for Damages and Injunctive Relief            -5-

reference as if set forth in full.

15. Despite certain representations by the Bakery owner that some accessible features would be provided, the identified parking, path of travel, entrance, counter, and restrooms remain substantially as they existed on the June 23, 2005 date of Plaintiff's encounter at the Bakery and remain non compliant with federal and state disabled access laws and regulations. The exterior and interior of the property and Bakery should be brought in compliance with all applicable federal and state disabled access laws and regulations. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of the California Civil Code's Unruh Act and Disabled Person's Act, thus independently justifying an award of damages and injunctive relief pursuant to California law.

16. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of California Civil Code's Unruh Act and Disabled Person's Act,, thus independently justifying an award of damages and injunctive relief pursuant to California law.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to the Bakery and its facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and

requires the use of a wheelchair for movement in public places; Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this Bakery and its facilities. Until Defendants make the Bakery and its facilities accessible to and useable by Plaintiff, she is deterred from returning to the Bakery and its facilities. Plaintiff wishes to return to the Bakery as soon as it is accessible to her in compliance with federal and state laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

18. **DAMAGES:** As a result of the denial of equal access to the facilities of the Bakery and its facilities, and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the subject facility, Plaintiff suffered a violation of her Civil Rights including but not limited to rights under §§ 51, 52, 54 and 54.1 Civil Code, and suffered discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that she was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the Bakery and its facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by said Civil Code.

19. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of said Civil Code.

Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

20. Wherefore Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code's Unruh Act and Disabled Person's Act, and other law. Plaintiff further requests that the court award damages pursuant to California Civil Code's Unruh Act and Disabled Person's Act and other law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein as if separately repled.

22. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;"

that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

23. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

24. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are a "... a restaurant, bar or other establishment serving food or drink." (§301(7)(B) and "...a Restaurant, motel or other place of lodging." (301 (7) (A).

25. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

26. Among the specific prohibitions against discrimination were included: §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

27. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. On information and belief, access in certain particulars were also required by either new construction and /or alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

28. As of the date of Plaintiff's visit, and as of the date of the filing of this

Complaint, the premises denied full and equal access to Plaintiff and to other disabled wheelchair users and violated Plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of her disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Plaintiff and other disabled persons such full and equal access.

29. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before Plaintiff's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the facilities.

Wherefore Plaintiff prays for relief as hereinafter stated:

//

# **PRAYER**

1. Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the subject Bakery and facilities to modify the above described facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to Civil Code Sections 52 and 54.3.

4. Award to Plaintiff a reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 9/25/06          SIDNEY J. COHEN
                        PROFESSIONAL CORPORATION


                        By  /s/ Sidney J. Cohen
                        _____
                        Sidney J. Cohen
                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is

1  permitted.

2  Dated: 9/25/06                                    SIDNEY J. COHEN
                                                     PROFESSIONAL CORPORATION
3

4                                                          /s/ Sidney J. Cohen
                                                     By _____
5
                                                     Sidney J. Cohen
6                                                    Attorney for Plaintiff

7              CERTIFICATION OF INTERESTED PARTIES

8        Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of

9  this date, other than the named parties, there is no interest to report.

10 Dated: 9/25/06                                    SIDNEY J. COHEN
                                                     PROFESSIONAL CORPORATION
11

12                                                         /s/ Sidney J. Cohen
                                                     By _____
13
                                                     Sidney J. Cohen
14                                                   Attorney for Plaintiff

15
   **NOTE: EXHIBITS MANUALLY FILED ONLY**
16

17

18

19

20

21

22

23

24

25

26

27

28

---

Complaint for Damages and Injunctive Relief              -13-

Complaint for Damages and Injunctive Relief            -14-